UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Jodie Davis** | Case No. 10-CV-1383 |
| c/o Zuzolo Law Offices LLC | |
| 700 Youngstown Warren Rd | Hon. |
| Niles Oh 44446 | |
| Plaintiff, | Complaint |
| v. | w/Jury Demand |

**Trans Union LLC**
c/o Statutory Agent
Prentice-Hall Corporation System
50 West Broad St Ste 1800
Columbus, OH 43215
&
**Experian Information Solutions, Inc.**
c/o Statutory Agent
CT Corporation System
1300 East Ninth St
Cleveland Oh 44114
&
**Equifax Information Services, LLC**
C/O Statutory Agent
CSC-Lawyers Incorporated Service
50 W Broad St Ste 1800
Columbus OH 43215
&
**Verizon Wireless**
C/O Statutory Agent
CT Corporation System
1300 East Ninth St
Cleveland Oh 44114
&
**World Financial Network National Bank**
3100 Easton Square Place
Columbus Ohio 43219
&
**Credit One Bank, N.A.**
c/o President Robert Dejong
585 Pilot Road
Las Vegas NV 98119
&
**Midland Credit Management, LLC**
C/O CSC-Lawyers Incorporating Service
50 W Broad Street Ste 1800
Columbus Oh 43215

      Defendants.

## I. JURISDICTION

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), 15 U.S.C. sec 1681p and 28 U.S.C. § 1367 for pendent state law claims.

## II. PARTIES

2.  Plaintiff Jodie Davis is a natural person who resides in the City of Akron, County of Summit and the State of Ohio, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), 15 U.S.C. sec 1681a(c), and ORC 1345.01(D).

3.  Defendant Trans Union LLC (hereinafter "Trans Union"), is a foreign limited liability company doing business in the state of Ohio. Trans Union is a supplier within the meaning of 1345.01(C). Trans Union is also a consumer reporting agency as defined by §1681(f) of the FCRA, in that Trans Union regularly engages in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports to third parties as defined by §1681a(d) of the FCRA.

4.  Defendant Experian is a resident credit corporation doing business in the state of Ohio. Experian is a supplier within the meaning of §1345.01(C) of the CSPA. Experian is also a consumer reporting agency as defined by §1681(f) of the FCRA, in that Experian regularly engages in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports to third parties, as defined in §1681a(d) of the FCRA.

5.  Defendant Equifax is a non-resident credit corporation doing business in the state of Ohio. Defendant Equifax Information Services, LLC's office and principal place of business is located at 1600 Peachtree, N.W. Atlanta, Georgia 30309. Equifax is a supplier within the meaning of §1345.01(C) of the CSPA. Equifax is also a consumer reporting agency as defined

by §1681(f) of the FCRA, in that Equifax regularly engages in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports to third parties, as defined in §1681a(d) of the FCRA.

6. Defendant Credit One Bank, NA (hereinafter "Credit One") conducts business in the state of Ohio and is a furnisher of information pursuant to 15 U.S.C. §1681s-2(b).

7. Defendant Verizon Wireless (hereinafter "Verizon") conducts business in the state of Ohio and is a furnisher of information pursuant to 15 U.S.C. §1681s-2(b). Verizon is also a supplier as defined by ORC §1345.01(C).

8. Defendant World Financial Network National Bank (hereinafter "WFNNB") conducts business in the state of Ohio and is a furnisher of information pursuant to 15 U.S.C. §1681s-2(b).

9. Defendant Midland Credit Management, LLC (hereinafter "MCM"), is a foreign corporation operating a debt collection agency as that term is defined in 15 U.S.C. §1692a(6). Defendant MCM attempted to collect from the Plaintiff a debt as defined by 15 U.S.C. §1692a(5). In addition, MCM is a furnisher of information pursuant to 15 U.S.C. §1681 s-2(b) and a supplier as defined in ORC §1345.01(C).

### III. VENUE

10. Venue in this judicial district is proper because the Plaintiffs reside in this judicial district and many of the facts relevant to this Complaint occurred in this judicial district.

### IV. FACTUAL ALLEGATIONS

#### Preliminary Statement

11. Delinquent accounts are only permitted to report for seven years from the date of delinquency. Jodie Davis had two accounts, Verizon and WFNNB that were included in her

2000 bankruptcy. These accounts should have come off her report in the year 2007. However, she discovered that these two accounts were still reporting as late as August 2009. In addition, the Plaintiff identified a number of other accounts as improperly reporting including an account from Credit One bank that was settled for less than full balance in 2007. Midland Credit Management, LLC was also reporting the Credit One account as delinquent beginning in April of 2010. Despite numerous disputes with the credit bureaus and the creditors directly, these accounts, although partially removed at one point, remain on her credit. In fact, the Verizon account changed from included in Bankruptcy to a new charge off as of March 2010. This specific change caused a tremendous drop in her credit score which resulted in the denial of her home loan.

These derogatory items caused the Plaintiff to miss out on two houses and the first time buyer credit. In addition, she has suffered additional out of pocket costs for postage and copies. She has spent an inordinate amount of personal time trying to force the defendants to comply with Federal Law. This has caused the Plaintiff significant non-economic damages including but not limited to humiliation, embarrassment, loss of privacy, anxiety, and stress.

## STATEMENT OF FACTS

12. On or about August of 2009, the Plaintiff began searching for a house to purchase. She was looking to take advantage of the home buyer credit. The Plaintiff found the "perfect" house and sought pre-approval for financing.

13. The broker indicated that she was only a few points from what was needed to reach the credit score that would approve her for the financing. The Plaintiff identified multiple accounts that were erroneous, including the Verizon account, the Credit One Bank account, and the WFNNB account. She immediately disputed these accounts with all three bureaus.

14. The Credit One Bank account was an account that she had settled for less than full balance years earlier which was showing transferred to another lender. The results of the investigation from all three bureaus indicated that the account would remain with its current status.

15. Trans Union deleted the WFNNB account, (Equifax and Experian did not) and Trans Union indicated that the Verizon account was no longer reporting. The Verizon account was not reporting on Experian. Equifax responded to the Plaintiff that the Verizon account was not reporting as of November 2009.

16. The Plaintiff continued to dispute these accounts both online and via writing but they remained and she was forced to lose out on the tax credit and the house of her choice was sold to another buyer.

17. The Plaintiff continued to work to clear her credit history through December and January and began looking for another house. It is imperative that her credit be cleaned as the rental where she is currently living is in foreclosure and she will have to move very soon.

18. In January of 2010, another credit report was run and now Trans Union had allowed the Verizon account to begin reporting again. At no point did Trans Union notify the Plaintiff that they were going to reinsert the information into her file as required by the Fair Credit Reporting Act. In addition, the other disputed accounts remained.

19. The Plaintiff was informed by First Merit that she was approved for financing. The Plaintiff then entered into a purchase and sale contract for the purchase of a home. First Merit later informed her that they would no longer be receiving "OFA"[1] funds to assist with the purchase of the house; however, the loan officer referred her to Huntington Bank.

20. Huntington Bank ran a new report on or about April 29, 2010. This report showed

---

[1] OFA Funds are apportioned to certain qualifying financial institutions to aid down payments with new buyers.

all of the disputed accounts back on the report. With the exception that now, Verizon was no longer reported as in bankruptcy, but a new charge off. In addition, both Equifax and Trans Union were reporting this account. Moreover, the Credit One Bank account been transferred to Midland Credit Management. This account was now reported without any dispute notation and with a different balance than was previously reported.

21. The Plaintiff was forced into the very humiliating situation of having to break the contract due to her credit score. She once again lost out on the homebuyer tax credit.

22. The actions by the Defendant credit bureaus is a pattern and practice of these Defendants to simply "parrot" whatever the furnisher instructs instead of conducting an independent investigation after receiving a consumer dispute as required by law. The Verizon and WFNNB accounts were clearly past the date of obsolescence under 1681c yet numerous disputes would not remove these accounts because the creditor stated they should remain. Even worse, after clear notice, Trans Union and Equifax allowed the Verizon account to not only appear on the credit report after removal but allow it to report as a brand new charge off causing tremendous damage to the credit score. The Defendants conducted no investigation at all regarding the Credit One account but simply asked the creditor to verify the information that it had already provided.

23. The Defendant Verizon also engaged in intentional and/or reckless conduct regarding reinvestigations after receiving a consumer dispute through a consumer reporting agency. Verizon willfully changed the credit reporting in order to get past the 7 year date of obsolescence. This change occurred at the same time that the Plaintiff was desperate to get financing. The Plaintiff believes that this change in reporting was designed to have the Plaintiff pay on a discharged debt from more than 10 years ago.

24. The Defendant Credit One frauded the Plaintiff into settling this account, misrepresenting that if the Plaintiff paid, then the account would be settled and no more collection efforts would take place. Credit One knew that the Plaintiff would justifiably rely on this representation and knew that they had no intention of honoring the agreement as evidenced from the continuous sale of this account to other debt collectors. This willful misrepresentation proximately caused the Plaintiff damage.

25. Defendant WFNNB sold the account but allowed the reporting to continue. It is believed pursuant to the agreement for the sale of this debt that WFNNB would not be permitted to change the credit reporting despite the obvious age of the debt and violation of the law.

26. Defendant MCM began reporting this debt in April of 2010. MCM knew or should have known that this account was disputed and should have notated that account as such. In addition, MCM also changed the balance misrepresenting the balance that was owed in violation of the FDCPA. MCM received direct notice from the Plaintiff on or about May 5, 2010. This notice included the confirmation code and individuals to speak to that agreed to have the account settled. The Plaintiff also provided the bank statement showing the payment. Despite this direct knowledge, MCM conducted either no investigation or a completely unreasonable investigation after receiving notice from the credit bureaus of a consumer dispute and allowed the information to be verified as reported.

27. The actions by all of the Defendants have caused the Plaintiff substantial economic loss in losing two houses and the homebuyer tax credit. In addition, the Plaintiff has suffered out of pocket costs and expenditure of countless hours of personal time. The Plaintiff has also suffered non-economic damages, including but not limited to humiliation, loss of privacy, embarrassment, anxiety, sleepless nights, and anger. Finally, the actions by all of the

Defendants in the handling of the credit information is a pattern and practice of the companies as evidenced from the consumer complaints and numerous lawsuits. The conduct of the Defendants was with conscious disregard for the rights of the Plaintiff and therefore, the Plaintiff is entitled to punitive damages and reasonable attorneys fees and costs.

## V. CLAIMS

### COUNT I. FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C §1692 et. seq.

28. Plaintiff incorporates by reference paragraphs 1 through the preceding paragraph as though fully stated herein.

### MCM

29. The Defendant MCM is continuously reporting this information to the credit bureaus attempting to collect which constitute violations of the Fair Debt Collection Practices Act, including but not limited to the following sections:

   a.) §1692e-any false, deceptive, or misleading representation or means in connection with the debt collection;

   b.) §1692e(2)- misrepresented the character, amount, or legal status of the alleged debt;

   c.) §1692f- any unfair or unconscionable means to collect or attempt to collect the alleged debt;

   d.) §1692e(8)- reporting false information to the credit bureaus including failing to notate that the debt was disputed.

30. The Plaintiff was harmed by these violations by the Defendant MCM and the Plaintiff is entitled to statutory damages, actual damages, and attorneys fees and costs pursuant 15 U.S.C. § 1692k(a).

## COUNT II.

## FAIR CREDIT REPORTING ACT

31. Plaintiff incorporates by reference paragraphs 1 through the preceding paragraph as though fully stated herein.

### EXPERIAN, EQUIFAX, and TRANS UNION

32. A "consumer reporting agency" is defined by the FCRA as follows:

any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

*See* 15 U.S.C. § 1681a(f).

33. Experian, Equifax, and Trans Union are consumer reporting agencies as defined by §1681a(f) of the FCRA.

### (FAILURE TO ADOPT AND FOLLOW REASONABLE PROCEDURES)

34. Section 1681*n* of the FCRA imposes civil liability on any CRA "who willfully fails to comply with any requirement" of the Act. *See* 15 U.S.C. § 1681*n* (a).

35. Section 1681*o* of the FCRA provides for civil liability against any CRA which is negligent in failing to comply with any requirement imposed under the Act.

36. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." *See* 15 U.S.C. § 1681e(b).

37. Trans Union, Equifax, and Experian had actual knowledge by direct disputes from

Plaintiff that the accounts were erroneous and reporting past the seven year period. In addition, the file itself is inconsistent in that the accounts are reporting dates open before the bankruptcy was filed which would exhibit they were included in the bankruptcy. In addition, both Equifax and Trans Union allowed the Verizon account to report after its removal from the file and direct notice from the Plaintiff. Moreover, Verizon changed the status in an attempt to bypass the 7 year reporting period. The bureaus then published and disseminated this information to Plaintiff's existing and prospective creditors causing actual damages, including credit denials, loss of the $8,000.00 tax credit, non-economic damages including but not limited to humiliation, embarrassment and mental anguish.

38. Trans Union, Equifax, and Experian willfully and/or negligently failed to establish and/or follow reasonable procedures to assure maximum possible accuracy of the consumer reports it prepared and/or published pertaining to the Plaintiff in violation of §1681e(b).

39. As a direct and proximate result of Trans Union's, Equifax, and Experian's willful and/or negligent refusal to adopt and/or follow reasonable procedures as mandated by the FCRA and as outlined above, the Plaintiff has suffered loss and damage including, but not limited to, financial loss, expenditure of time and resources, mental anguish, humiliation, embarrassment and emotional distress, loss of consortium entitling Plaintiff to an award of actual damages in amounts to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681o.

40. Trans Union, Equifax, and Experian's continued refusal to adopt and/or follow reasonable procedures as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff. The injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and

willful and wanton misconduct entitling Plaintiff to punitive damages pursuant 15 U.S.C. § 1681n(a)(2).

### (Failure To Conduct Re-investigation)

41. The FCRA mandates that a CRA conduct an investigation of the accuracy of information "[i]f the completeness or accuracy of any item of information contained in a consumer's file" is disputed by the consumer. *See* 15 U.S.C. § 1681*i*(a)(1). The Act imposes a 30-day time limitation for the completing of such an investigation. *Id.*

42. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the consumer reporting agency is required to delete that item of information from the consumer's file. *See* 15 U.S.C. § 1681*i*(a)(5)(A).

43. If any information is deleted from a consumer's file pursuant to this rule, "the information may not be reinserted in the file by the consumer reporting agency unless the person who furnished the information certifies that the information is complete and accurate." See, 15 U.S.C. § 1681*i*(a)(5)(B).

44. Defendants Experian, Equifax and Trans Union either conducted no investigation of the accounts or conducted such a shoddy investigation that the accounts remained despite Plaintiff's disputes.

45. Defendants Experian, Equifax, and Trans Union willfully and/or negligently failed to conduct a reasonable investigation in violation of §1681i.

46. As a direct and proximate result of Defendants Experian, Equifax, and Trans Union's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA and as outlined above, Plaintiff has suffered loss and damage including, but not limited to, financial loss, expenditure of time and resources, mental anguish, humiliation, embarrassment

and emotional distress, entitling her to an award of actual damages in amounts to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681o.

47. In addition, Trans Union allowed the account to reappear on the Plaintiff's report without justification or notice to the Plaintiff in willful violation of the §1681(i).

### Verizon, Credit One Bank, MCM, and WFNNB

48. 15 U.S.C. §1681s-2(b) places a duty on the above furnishers of information, after being put on notice of a consumer dispute from a credit reporting agency, to conduct a reasonable investigation into the accuracy of the information. *See Johnson v. MBNA*, 357 F.3d 426 (4th Cir. 2004).

49. Defendants failure to conduct a proper reinvestigation after being on notice of a consumer dispute from the credit bureaus resulted in the verification of inaccurate tradelines on Plaintiff's credit file that were subsequently republished to third parties.

50. As a direct and proximate result of Defendants willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA and as outlined above, Plaintiff has suffered loss and damage including, but not limited to, financial loss, expenditure of time and resources, mental anguish, humiliation, embarrassment and emotional distress, entitling her to an award of actual damages in amounts to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681o.

## COUNT III
## CONSUMER SALES PRACTICES ACT ORC 1345.01 ET SEQ

### EQUIFAX, EXPERIAN, TRANS UNION, VERIZON, AND MCM

51. Plaintiff incorporates by reference paragraphs 1 through the preceding paragraph as though fully stated herein.

52. Plaintiff is a "consumer" within the meaning of R.C. §1345.01(D).

53. The above named Defendants are "suppliers" within the meaning of Ohio Revised Code §1345.01(C) in that both engage in the business of effecting or soliciting the sale of goods and/or services to Plaintiff by collecting, gathering, disseminating and reporting credit information which is used primarily for personal, family, and household purposes.

54. The Defendants service of collecting, gathering, disseminating and reporting of credit information about or for Plaintiff constitutes a "consumer transaction" within the meaning of R.C. §1345.01(A).

55. R.C. §1345.02(A) provides that "[n]o supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during or after the transaction."

56. R.C. §1345.03(A) provides that "[n]o supplier shall commit an unconscionable act or practice in connection with a consumer transaction. Such an unconscionable act or practice by a supplier violates this section whether it occurs before, during or after the transaction."

57. Defendants Experian Equifax, Trans Union's, Verizon, and MCM representations that Plaintiffs credit record includes numerous erroneous derogatory which should have been blocked pursuant to the Fair Credit Reporting Act, are unfair, deceptive and unconscionable in violation of R.C. 1345.02 and R.C. 1345.03. In addition, the Defendants' furnishing of erroneous derogatory tradeline accounts are unfair, deceptive and unconscionable in violation of R.C. 1345.02 and R.C. 1345.03.

58. Defendants' refusal to acknowledge, address and remedy Plaintiff's concerns and

disputes as to the status of her credit record is unfair, deceptive and unconscionable in violation of R.C. 1345.02 and R.C. 1345.03.

59. Defendants Experian, Equifax, and Trans Union's violations of the FCRA, specifically §§1681i, and as to Defendants MCM and Verizon's violations of §1681s-2(b) and numerous provisions of the Fair Debt Collection Practices act constitute additional deceptive acts or practices in connection with a consumer transaction in violation of R.C. §1345.02.

60. As a direct and proximate result of Defendants' actions unfair, deceptive and unconscionable acts as alleged herein, the Plaintiff has suffered harm, injury and loss in specific amounts to be proved at trial.

61. Plaintiff is entitled to relief pursuant to R.C. 1345.09 which provides a private remedy to consumers who have been injured by a supplier's violations of either R.C. §1345.02 or R.C. §1345.03.

## COUNT IV

## FRAUDULENT MISREPRESENTATION

### CREDIT ONE

62. Plaintiff incorporates by reference paragraphs 1 through the preceding paragraph as though fully stated herein.

63. The Defendant Credit One frauded the Plaintiff into settling this account, knowingly and/or recklessly falsely representing that if the Plaintiff paid, then the account would be settled and no more collection efforts would take place. Credit One knew that the Plaintiff would justifiably rely on this representation and knew that they had no intention of honoring the agreement as evidenced from the continuous sale of this account to other debt collectors. The

Plaintiff did in fact justifiably rely on the misrepresentation. This willful misrepresentation proximately caused the Plaintiff damage.

## VI.  TRIAL BY JURY

64. That Plaintiff is entitled to and hereby respectfully requests a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully requests that this Court enter judgment as follows:

### COUNT I

- for an award of statutory damages of $1,000.00 per violation of the **FDCPA** pursuant to 15 U.S.C. §1692k;

- for an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k;

### COUNT II

- for an award of statutory damages of $1,000.00 for willful violation of the **FCRA** and punitive damages pursuant to 15 U.S.C. §1681n;

- for an award of actual damages,, and costs and reasonable attorney fees pursuant to 15 U.S.C. §1681o;

### COUNT III

- for an award of statutory damages of $200.00 per violation for violation of the Ohio Consumer Sales Practices Act, for economic damages multiplied by three, non-economic damages in the statutory maximum amount of $5000.00 and reasonable attorneys fees and costs

## COUNT IV

- for an award of actual damages in excess of $25,000

- for an award of punitive damages and reasonable attorneys fees and costs

## SUCH OTHER RELIEF

- for an award of punitive damages in an amount to be determined at trial by jury;

- for Plaintiff to be awarded costs of litigation and attorneys' fees against the Defendants under each of the allegations herein;

- for injunctive relief against future collection efforts including the reporting of these accounts in the Plaintiff's credit file

- for such other and further relief as may be just and proper.

>Respectfully submitted,
>ZUZOLO LAW OFFICES, LLC
>
>**s/Philip D. Zuzolo**
>Philip D. Zuzolo, Esq. # 0081865
>700 Youngstown Warren Rd
>Niles Oh 44446
>330-652-1609(phone)
>330-652-9421(fax)
>lawyers@zuzolo.com
>
>**Attorney for Plaintiff**